HOCKE et al. y. NEW YORK CENT. & H. R. R. CO.

(Circuit Court of Appeals, Second Circuit. April 9, 1903.)

No. 115.

1. PATENTS—INVENTION—MEANS FOR PREVENTING LOSS OF GOODS IN SHIPMENT.
    The Mockridge patent, No. 493,595, for means for securing railroads and shippers against loss of freight, consisting of a system of numbering applied to the cars and packages, the duplicating of the numbers on checks and shipping receipts, and a temporary receptacle on the car for holding the checks in loading, is void on its face for lack of patentable invention.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 117 Fed. 320.

Arthur v. Briesen, for appellants.

Robert J. Fisher, for appellee.

Before WALLACE and LACOMBE, Circuit Judges.

WALLACE, Circuit Judge. Error is assigned of the decree of the court below adjudging the patent in suit void upon its face because the subject-matter was destitute of patentable novelty. The patent is for "means for securing railroads and shippers against loss of freight," and was granted Joseph Babbitt Mockridge, March 14, 1893.

The object and general nature of the alleged invention is thus stated in the preamble:

"The object of the invention is to provide a new and improved means for securing railroads and shippers of merchandise against loss of freight, by preventing the merchandise from being sent to wrong places, and keeping a record of the merchandise loaded into a railroad car, so that it can be easily traced, until it finally arrives at its proper destination." "The invention consists in means by which the shipping of the merchandise is controlled

in such a manner as to prevent the merchandise from being loaded into the wrong car at the shipping station; and, secondly, in case it should happen that a package is wrongly loaded into a car, then to detect at once the respective car into which it was wrongly placed."

The claims of the patent are as follows:

"(1) The means for securing against loss of freight consisting of a receipt or other like document containing characters indicating the car designed to receive the merchandise, a separate independent check or ticket containing duplicate characters of the ones on the said receipt so that the check and receipt control each other, and a receptacle held temporarily on the car, and adapted to receive the ticket, bearing the number of the car on which the receptacle is held, the ticket being deposited in the receptacle at the time the merchandise indicated on the ticket is loaded in the car, substantially as shown and described.

"(2) The means for securing against loss of freight, consisting of a shipping receipt, way bill, or other like document containing characters indicating serial numbers and the number of the transporting medium, a separate independent ticket or check containing duplicate characters of the ones on the said receipt, so that check and receipt control each other, and a receptacle placed temporarily on the numbered transportation medium to receive the correspondingly numbered checks or tickets at the time the merchandise indicated by the serial number on this ticket is placed in the corresponding transporting medium, substantially as shown and described.

"(3) The means for securing against loss of freight, consisting of a receipt or other like document containing characters indicating the car designed to receive the merchandise, and characters to designate the merchandise to be shipped, and a separate independent ticket or check containing sets of characters which are a duplicate of the characters on the said receipt or document, substantially as shown and described."

The means described in the specification may be briefly summarized as follows: (1) The cars upon which the merchandise is to be shipped are numbered, the numeral upon each car designating a particular destination; (2) a shipping receipt prepared at the shipping office containing besides the usual descriptive matter the number of the car into which the package is to be loaded, and designating the package by a given number; (3) a check prepared simultaneously with the shipping receipt, containing the number of the car and the numbers of the packages; (4) a removable box placed upon the car for receiving the checks of the merchandise loaded into it. The shipping receipts may be numbered in serial order, when several packages are to be sent to the same address, according to the order of the reception of the packages, and when this is done the check is numbered correspondingly.

These means are used as follows: The truckman, who has say three or four packages of merchandise to deliver to a particular car, receives from the shipping office the check which tells him to which car to take them. He takes them to that car, and deposits the check in the removable box. When the several cars have been loaded, the removable boxes are examined by the clerk in charge of the station, and the checks therein are compared with the shipping receipts. By this examination, if the truckman has made an error and delivered the packages into the wrong car, the error is promptly detected. The specification mentions further means, consisting of a printing apparatus to be used for printing upon the shipping receipt

and the check simultaneously the corresponding descriptive matter. As this apparatus is not made a feature of any of the claims, it is to be regarded as nonessential.

It is as difficult to classify the subject of the patent as it was in the case of Jacobs v. Baker, 7 Wall. 295, 19 L. Ed. 200, and Munson v. Mayor, etc., 124 U. S. 601, 8 Sup. Ct. 622, 31 L. Ed. 586; but whether the patent is to be regarded as one for an improvement in an art, or as one for a machine, we are of opinion that it discloses nothing of patentable novelty. It purports to disclose to the public, and especially to that part of the public engaged in the business of shipping and transportation, an improved method of preventing and rectifying mistakes in the transaction of their business. Such improvements generally suggest themselves as their necessity becomes apparent to the intelligent and enterprising men who usually conduct this kind of business, and it would be surprising, indeed, if the long and extensive experience of forwarders and carriers had not discovered so obvious a method as that which is disclosed. What the patentee seems to have done has been to provide evidence that a certain parcel or lot of merchandise has been deposited in a predetermined place, or, if it has not been deposited there, to denote at what other place it has been deposited. There are various ways of doing this, so familiar that the court can take judicial notice of them. One is by having the person with whom the parcel is deposited preserve a record of it, to be returned for examination to the sender. Another is by having a record kept by a tallyman. Another is by having the truckman or other person making delivery return a voucher from the receiver to the shipping clerk. A common instance is that adopted by express companies who provide their expressmen with a book in which, when the parcel is delivered at a store or house, the receiver signs his name. The patentee has provided a box in which the truckman is to deposit the voucher instead of returning it to the shipping clerk, and has located it at the most convenient place, and where there is the least likelihood of his making the mistake of depositing the voucher in the wrong one. All this evidences good judgment upon the part of one who is experienced in the particular business, but it does not rise to the level of invention.

The decree is affirmed, with costs.