Booth, Judge,
delivered the opinion of the court:
This is a suit under the act of June 25, 1910, 36 Stat. Z., 85, for an alleged infringement of a patented article by the United States, acting through the trustees of the Postal Savings System. The issue presented is raised by defendants’ demurrer to the petition. We say petition, for, in view of the state of the record, we treat the pleadings as amended and designate them in accordance with our rules and practice.
Claimant alleges that he is the inventor of a new, useful, and improved certificate of deposit, for which he obtained on June 28, 1904, Letters Patent No. 763778. ’The petition makes said letters a part thereof, and from them and the allegations in reference thereto it appears that there is but one claim on the patent, stated as follows:
“A certificate issued for a round principal sum, a statement that said principal sum is being held on deposit, a promise by the depositary to pay said principal sum to the order of the specified depositor, a promise by the depositary to pay interest to the holder at a specified rate, and appropriately designated spaces for the signature and countersignature of *the depositor to thereby protect the depositor from presentation by an unauthorized person.”
An illustration made part of the letters patent simplifies both the claim and allegations of the petition to such an extent that we reproduce it (p. 124 post).
Defendants’ demurrer goes directly to the validity of the patent, assailing it for want of novelty and invention, as being void upon its face, and likewise void for want of subject matter. To sustain any one of these defenses would be fatal to a recovery, and all of them are properly raised by the pleadings in suit. Strom Mfg. Co. v. Weir Frog Co., 83 Fed. R., 170.
The case does not admit of prolonged discussion. Whatever novelty, if any, embraced within the claim of the alleged patent of the inventor consists in a duplication of signatures, *125 one made by the depositor at the time o‘f making his deposit and subsequently duplicated by him when he seeks to realize funds upon his certificate. For this purpose two blank spaces or lines are provided, properly designated for signing and countersigning. This, as appears from the claim, is the most that can be claimed as new or novel, and is alleged as the instrumentality for the absolute prevention, barring forgery, of wrongful payment of the certificate. No mere rearrangement of words disclosing commercial transactions between individuals whereby one pays funds and the other acknowledges the receipt thereof, no matter how carefully guarded against fraud and mistake, can at this time claim the distinction of novelty. As has been heretofore said:

*124

*125 “A system of transacting business, disconnected from the means for carrying out the system, is not within the most liberal interpretation of the term 4 art,’ and unless the means used are novel and disclose invention such system is not patentable.”
The signing and countersigning, the issuance and duplication of the same, the conception of checks and balances in the interest both of accuracy and honesty in business transactions, have prevailed since the inauguration of trade and commerce. The innumerable details involved in the evolution of systems of this character which require no more than employment of pen, ink, and paper to effectuate the same, are far too old' to admit of patentability. Travelers’ checks, express companies’ checks and orders, systems of accounting in restaurants, bars, and hotels furnish innumerable instances of the employment of systems of this character. As was said by the court in Hocke v. New York Central & H. R. R. R. Co., 122 Fed., 469:
“ Such improvements generally suggest themselves as their necessity becomes apparent to the intelligent and enterprising men who usually conduct this kind of business, and it would be surprising, indeed, if the long and extensive experience of forwarders and carriers had not discovered so obvious a method as that which is disclosed.”
The article exhibited is not a machine, manufacture, or composition of matter. If it comes at all within the terms of section 4886, Revised Statutes, it must be embraced within the terms “ new and useful art.” This we very much doubt. *126 No claim is made for novelty of form or manufacture — i. e., no peculiar shaped certificate is suggested; it possesses no physical characteristics at all unlike all other written instruments designed for a similar purpose except the written and printed characters, words, and signs employed to express the meaning and intention of the parties executing the same. It is as if some one should claim novelty for proposing the terms of and the manner of executing a written contract. We think the case falls so clearly within the authorities cited in the defendants’ brief — viz, Brown v. Piper, 91 U. S., 37; Hotel Co. v. Lorraine, 160 Fed., 467; Hocke v. New York Central R. R., 122 Fed., 467; Munson v. Mayor of New York, 124 U. S., 601; In re Moesser, 27 C. A. Dist. Col., 307; U. S. Credit System v. American Indemnity, 59 Fed., 139 — that the demurrer will be sustained and petition dismissed.
Howry, Judge, took no part in the decision of this case. All the other judges concur.